B. F. HORN ET AL *v.* W. H. DECKER ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—435.]

**Land Held in Trust Not Subject to Debts of Trustee.**
> Where creditors knew that a person held property only as trustee they can not be heard to say that they extended credit or purchased the property upon the faith that he was the beneficial owner, and such property can not be subjected to their claims.

APPEAL FROM DAVIESS CIRCUIT COURT.

May 7, 1881.

OPINION BY JUDGE HINES:

It can not be denied that if appellants knew that W. H. Decker had no beneficial interest in the land, and that he simply held the legal title, it is immaterial whether the land was redeemed for Nathaniel Horn or was purchased by Decker and held by him in trust for his children, for in neither case could the property of the children be taken to pay Decker's debts. If the purchase were made by Decker in trust for his children, no one having knowledge of that fact could subject the land to the payment of a debt contracted by Decker on his individual account, and on the other hand if the land, with the knowledge of appellants, was redeemed by Decker for Nathaniel Horn, appellants could not subject it to Decker's debts, and the children, as heirs of Nathaniel Horn, would be entitled to it.

That the land was redeemed by Decker for Nathaniel Horn or that it was purchased by him for his children, the appellees, and that these facts were known to appellants, the evidence satisfactorily establishes. But it is contended by counsel for appellants that the evidence does not support the conclusion that the land was redeemed for Nathaniel Horn, and that the pleadings do not authorize the conclusion that the purchase was made by Decker, and that the land was to be held in trust by him for appellees. The allegation in the answer of appellees is that the land was redeemed for Nathaniel Horn.

The evidence by each of the appellants is that they purchased the land for themselves, while Decker testifies that the agreement between all the parties, including Nathaniel Horn, was entered into for the purpose of preserving the land to those who would be en-

titled to it by descent as heirs of Nathaniel Horn, and that he (Decker) purchased for the benefit of appellees' children, and that these facts were all known to appellants. The purchase by each of the children of Nathaniel Horn for his or her benefit is not inconsistent with, but supports the allegation that the land was redeemed for Nathaniel Horn, and the fact that the conveyance was made to each of the heirs in proportion to the interest they would receive by inheritance is not inconsistent with a redemption, because it was necessary to preserve the land from levy and sale by the creditors of Nathaniel Horn. The fact of Nathaniel Horn remaining upon the place until his death, and the fact that Decker rented the property from Nathaniel Horn after the purchase or redemption, strengthens the conclusion that the transaction was substantially a redemption. The evidence, when considered together, but we consider it unnecessary to discuss it in detail, authorizes the conclusion that appellants knew of the agreement in regard to the redemption or purchase as testified to by Decker, and knowing these things they can not be heard to say that they extended credit to Decker or purchased the property upon the faith that he was the beneficial owner.

Judgment *affirmed*.

*Little & Slack, W. N. Sweeney & Son, for appellants.*
*Riley & Walker, for appellees.*